CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

### For the Seventh Circuit

No. 23-2948

DYSON TECHNOLOGY LTD.,

*Plaintiff-Appellant*,

*v.*

DAVID 7 STORE, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:22-cv-05936 — **Steven C. Seeger**, *Judge*.

ARGUED MAY 23, 2024 — DECIDED MARCH 24, 2025

Before JACKSON-AKIWUMI, LEE, and PRYOR, *Circuit Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Dyson Technology, Ltd., brought a trademark infringement action against multiple e-commerce stores allegedly selling counterfeit Dyson goods. The district court entered a default judgment in Dyson's favor but did not award one aspect of the remedy Dyson sought: the infringing sellers' profits. The district court reasoned that Dyson had provided evidence of the revenue the

e-commerce stores earned from selling the counterfeit goods, but not the profits. Because the district court erred in its interpretation of the relevant trademark infringement law and because Dyson met its burden, we reverse and remand.

United Kingdom-based Dyson sells a variety of consumer products including hair dryers and hairstyling appliances. Scores of e-commerce stores tried to capitalize on Dyson's reputation by selling counterfeit Dyson products. When Dyson learned about these e-commerce stores, it filed suit under the Lanham Act, the federal law that allows trademark holders to sue infringing parties. *See* 15 U.S.C. § 1114. The Act gives trademark holders "three nonexclusive monetary remedies: (1) recovery of profits; (2) damages sustained by the plaintiff; and (3) costs of the action." *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1347 (7th Cir. 1994); *see also* 15 U.S.C. § 1117.

After Dyson filed suit, the infringing sellers failed to appear, so Dyson won a default judgment. Among other remedies, Dyson asked to recover the e-commerce stores' profits, pursuant to the Lanham Act. The district court refused: "The Court declines the request to award profits because Plaintiff offered evidence of revenue, not profits. Revenue and profits are not the same thing. The Court declines the invitation to assume that all of the revenue equals profits." The district court limited Dyson's award to $1,000 in statutory damages from certain infringing sellers.

Dyson now appeals, and we begin with a brief word about the standard of review. Dyson asks us to review the district court's interpretation of a statute, a question we consider de novo. *United States v. Thayer*, 40 F.4th 797, 801 (7th Cir. 2022); *see also Monasky v. Taglieri*, 589 U.S. 68, 83 (2020) ("Generally,

Case: 1:22-cv-05936 Document #: 59 Filed: 04/15/25 Page 3 of 5 PageID #:2097
Case: 23-2948 Document: 00714547500 Filed: 04/15/2025 Pages: 5

No. 23-2948 3

questions of law are reviewed *de novo*.…"). Dyson does not ask us to review the court's entry of default judgment or its calculation of damages, questions we review for abuse of discretion. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 946 (7th Cir. 2020); *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). Here, the outcome does not depend on how the question is formulated. An error of statutory interpretation is an error of law, and errors of law are an abuse of discretion. Today's outcome is the same under both standards of review, so we will proceed with Dyson's articulation of the question and apply de novo review.

The Lanham Act states that a prevailing plaintiff is entitled to the defendant's profits, and the defendant bears the burden of establishing the amount of profits. If the plaintiff prevails:

> [T]he plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. *In assessing profits the plaintiff shall be required to prove defendant's sales only*; defendant must prove all elements of cost or deduction claimed.

15 U.S.C. § 1117(a) (emphasis added).

The district court contravened the Lanham Act's plain language when it found Dyson's evidence of revenue as opposed to profits insufficient and declined to assume that revenue equals profits. The Act presumes that the infringing defendant's sales (that is, revenue) and profits *are* the same thing, until the defendant proves otherwise. *See* 15 U.S.C. § 1117(a).

Accordingly, "[c]ourts consistently find that when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's gross sales." *WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008). The district court was incorrect to hold otherwise. A trademark plaintiff need not disentangle revenue and profits. This rule may well result in a windfall to the trademark holder, but that is a price worth paying—a principle the Supreme Court established eighty years ago. *See Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 207 (1942) (holding that an award equal to the infringer's revenue "may well be a windfall to the trademark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark[, b]ut to hold otherwise would give the windfall to the wrongdoer"); *accord WMS Gaming*, 542 F.3d at 608.

The Lanham Act does give district courts the ability to modify an award of profits if the court deems the modification just. Under the statute, "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a). Here, however, the district court did not make any such findings or engage in any such analysis. Nothing in the court's order demonstrates to us that it "possessed a sufficient understanding of the amount of profits involved to determine whether disgorgement would be appropriate." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1095 (7th Cir. 1994).

No. 23-2948 5

Rather, the court appears to have disliked the idea of conflating revenue and profit and ruled accordingly.

The statutory scheme devised by Congress supplies the marching orders here: Dyson provided uncontested evidence of revenue, which suffices as profits when assessing Dyson's recovery under the Lanham Act. *See* 15 U.S.C. § 1117(a). On remand, if the district court wishes to award more or less than these profits, it retains the discretion to do so, as long as it makes a finding based on the facts of the case. *See id.*

We reverse and remand for further proceedings consistent with this opinion.