# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DYSON TECHNOLOGY LIMITED,<br><br>                Plaintiff,<br>v.<br><br>DAVID 7 STORE, et al.,<br><br>                Defendants. | Case No. 22-cv-05936<br><br>**Hon. Steven C. Seeger**<br><br>**Magistrate Judge Jeffrey Cummings** |

## PLAINTIFF'S MOTION TO MODIFY THE FINAL JUDGMENT ORDER

Pursuant to the U.S. Court of Appeals for the Seventh Circuit's opinion and mandate, Plaintiff Dyson Technology Limited ("Dyson" or "Plaintiff") moves this Honorable Court to modify the Final Judgment Order [51] to include an award of profit damages under 15 U.S.C. § 1117(a) as to certain Defendants. In support of this Motion, Plaintiff submits the following.

## BACKGROUND

On October 27, 2022, Plaintiff commenced this trademark infringement action against a group of e-commerce stores engaged in the sale of counterfeit Dyson products (collectively, the "Defendants"). [1]. The majority of Defendants failed to answer or otherwise respond to Plaintiff's Complaint [1]. On March 9, 2023, Plaintiff sought entry of default and default judgment under Fed. R. Civ. P. 55(a) and 55(b)(2) against the remaining Defendants ("Motion for Default"). [34].

As part of its Motion for Default, Plaintiff requested an award of profits against certain Defendants[1] (hereafter, the "Profit Defendants") under 15 U.S.C. § 1117(a). *See* [35] at pp. 12-

---

[1] Profit Defendants are identified on Schedule A [2] as follows: Defendant Nos. 15, 17, 18, 20, 22, 23, 25, 27, 29, 30, 31, 32, 34, 35, 36, 38, 39, 40, 41, 43, 45, 46, 47, 49, 50, 51, 53, 54, 55, 58, 59, 61, 62, 65, 66, 67, 68, 72, 73, 75, 76, 77, 81, 82, 83, 84, 88, 92, 93, 94, 98, 103, 105, 110, 111, 116, 121, 124, and 126.

14. In support of its request, Plaintiff submitted a declaration by Justin R. Gaudio which detailed the infringing product revenue generated by each Defendant, as provided by Amazon.com, Inc. ("Amazon") and eBay, Inc. ("eBay"). [36] at ¶¶ 4-6.

On August 29, 2023, the Court entered a Final Judgment Order [51] against Defendants. The Court found that Defendants were liable for willful federal trademark infringement and counterfeiting and false designation of origin. [51] at p. 11. The Court further awarded statutory damages under 15 U.S.C. § 1117(c)(2) against certain Defendants[2] (hereafter, the "Statutory Damages Defendants") in the amount of one thousand dollars ($1,000) per Defendant. [51] at pp. 11-13, ¶ 1. However, the Court declined Plaintiff's request for an award against the Profit Defendants because "Plaintiff offered evidence of revenue, not profits. Revenue and profits are not the same thing. The Court declines the invitation to assume that all of the revenue equals profits." [51] at p. 13, ¶ 2. No monetary judgment was entered against the Profit Defendants.

On September 28, 2023, Plaintiff filed its Notice of Appeal [53] from the Final Judgment Order [51]. On appeal, Plaintiff challenged the Court's decision declining to enter an award of profits against the Profit Defendants. *Dyson Tech. Ltd. v. David 7 Store*, 132 F.4th 526, 528 (7th Cir. 2025). On March 24, 2025, the Seventh Circuit reversed the Court's decision and remanded for further proceedings. *Dyson Tech. Ltd*, 132 F.4th at 529. Specifically, the Seventh Circuit held:

> "The statutory scheme devised by Congress supplies the marching orders here: Dyson provided uncontested evidence of revenue, which suffices as profits when assessing Dyson's recovery under the Lanham Act. *See* 15 U.S.C. § 1117(a). On remand, if the district court wishes to award more or less than these profits, it

---

[2] Statutory Damages Defendants are identified on Schedule A [2] as follows: Defendant Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 19, 21, 24, 26, 28, 33, 37, 42, 44, 48, 52, 56, 57, 60, 63, 64, 69, 70, 71, 74, 78, 79, 80, 85, 86, 87, 89, 90, 91, 95, 96, 97, 99, 100, 101, 102, 104, 106, 107, 108, 109, 112, 113, 114, 115, 117, 118, 119, 120, 122, 123, 125, 127, 128, 129, 130, 131, 132, and 134.

retains the discretion to do so, as long as it makes a finding based on the facts of the case. *See id.*"

*Id*.

## ARGUMENT

In accordance with the Seventh Circuit's mandate [61], Plaintiff requests that the Final Judgment Order be amended to include an award of profits, pursuant to 15 U.S.C. § 1117(a), against the Profit Defendants. Under the "mandate rule," when a reviewing court has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court. *See e.g., In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 840 (7th Cir. 2020); *Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000). The court must follow "the spirit as well as the letter of the mandate." *In re Cont'l Ill. Sec. Litig.*, 985 F.2d 867, 869 (7th Cir. 1993); *See Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 951 (Fed. Cir. 1997) (holding that a "district court's actions on remand should not be inconsistent with either the letter or the spirit of the mandate.").

The Seventh Circuit held that "Dyson provided uncontested evidence of revenue, which suffices as profits when assessing Dyson's recovery under the Lanham Act." *Dyson Tech. Ltd*, 132 F.4th at 529 "The Act presumes that the infringing defendant's sales (that is, revenue) and profits are the same thing, until the defendant proves otherwise." *See id*. Specifically, Plaintiff submitted a declaration by Justin R. Gaudio detailing the infringing product revenue generated by each Defendant. *See* [36] at ¶¶ 4-6. Given that Defendants have chosen not to participate in these proceedings, Plaintiff is not required to guess each Defendant's infringing profit total based on the revenue data provided by Amazon and eBay. *See Dyson Tech. Ltd*, 132 F.4th at 529 ("The district court was incorrect to hold otherwise. A trademark plaintiff need not disentangle

3

revenue and profits."). Therefore, Plaintiff should be awarded the full amount of each Profit Defendant's revenue.

Accordingly, consistent with the Seventh Circuit's mandate, Plaintiff requests that the Final Judgment Order [51] be amended to include an award of profits under 15 U.S.C. § 1117(a) against the Profit Defendants in the amount of the known infringing produce revenue generated by each Profit Defendant as set forth below[3]:

| Def. No. | Defendant | Damages Award |
|---|---|---|
| 15 | A2JHUHHN5A7W2A | $2,735 |
| 17 | A2RFVG02LAE3TJ | $6,296 |
| 18 | amz.com- | $2,715 |
| 20 | Annonn | $2,978 |
| 22 | bigpoweui | $1,846 |
| 23 | booony | $3,964 |
| 25 | COZYRM | $41,900 |
| 27 | DaYun | $6,096 |
| 29 | Dhkyuk | $6,472 |
| 30 | Dokiy | $23,866 |
| 31 | 4orothy good | $9,290 |
| 32 | DVJDVJ | $3,243 |
| 34 | dyson-001 | $5,594 |
| 35 | dyson-brand store | $15,895 |
| 36 | Dyson-specialty store | $1,671 |
| 38 | ewajgijg777 | $2,430 |
| 39 | FOQIANG | $8,783 |
| 40 | FuYangKanCang | $2,989 |
| 41 | guangzhouchanjunmaoyiyouxiangongsi1 | $9,727 |
| 43 | haokezhijia | $12,877 |
| 45 | HHUI US | $7,078 |
| 46 | HKYLINC | $15,909 |
| 47 | HllgkyyUS | $1,062 |
| 49 | Huangxue | $1,155 |
| 50 | huangyanbeias | $23,193 |
| 51 | HZM NDY | $15,072 |
| 53 | Jiangquan | $2,126 |
| 54 | JING-SHOP | $6,443 |

---

[3] Plaintiff does not seek to disturb the statutory damages award entered against the Statutory Damages Defendants. *See* [51] at p. 11-13, ¶ 1.

| | | |
|---|---|---|
| 55 | Jony JJ | $15,646 |
| 58 | liheyuan123456 | $1,747 |
| 59 | Lihuiling | $8,389 |
| 61 | LXFZMDFactory Direct | $4,388 |
| 62 | Magic Secret Service | $24,949 |
| 65 | nanningshijiandianzishangwuyouxiangongsi | $29,420 |
| 66 | nanningyangkangdianzishangwuyouxiangongsi | $5,138 |
| 67 | PNEGQIN-us | $24,858 |
| 68 | Princesseey | $8,891 |
| 72 | Sadaaga Store | $1,796 |
| 73 | Samexy Store-US | $8,685 |
| 75 | SHIRUYI | $6,996 |
| 76 | sisalx-store | $4,334 |
| 77 | SMART word | $27,650 |
| 81 | TIANTONGL | $62,115 |
| 82 | Wang Nuo | $6,108 |
| 83 | WanPinMaoYi | $24,765 |
| 84 | WOO-WIN | $14,824 |
| 88 | yuanjishangmaogongsi | $14,628 |
| 92 | ZangQiong | $11,275 |
| 93 | Zhuhongyu | $7,303 |
| 94 | Zipeng | $1,482 |
| 98 | chedy904 | $1,640 |
| 103 | epossa-1 | $1,608 |
| 105 | goky91 | $2,840 |
| 110 | junn8577 | $1,640 |
| 111 | kicyee | $1,056 |
| 116 | nana_6036 | $3,073 |
| 121 | siao-0915 | $6,996 |
| 124 | swauk-2022 | $21,834 |
| 126 | tianronghua5 | $2,894 |

## **CONCLUSION**

For the foregoing reasons, and pursuant to the Seventh Circuit's mandate, Plaintiff requests that Final Judgment Order [51] be amended to include an award of profits against the Profit Defendants in the amounts set forth herein. Plaintiff is concurrently submitting an updated Final Judgment Order in accordance with this Motion.

| | |
|---|---|
| Dated this 4th day of June 2025. | Respectfully submitted,<br><br>/s/ Justin T. Joseph<br>Lawrence J. Crain<br>Justin R. Gaudio<br>Justin T. Joseph<br>Andrew D. Burnham<br>Greer, Burns & Crain, Ltd.<br>200 West Madison St., Suite 2100<br>Chicago, Illinois 60606<br>312.360.0080 / 312.360.9315 (facsimile)<br>lcrain@gbc.law<br>jgaudio@gbc.law<br>jjoseph@gbc.law<br>aburnham@gbc.law<br><br>*Counsel for Plaintiff Dyson Technology Limited* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit A hereto that includes a link to said website.

/s/ Justin T. Joseph
Lawrence J. Crain
Justin R. Gaudio
Justin T. Joseph
Andrew D. Burnham
Greer, Burns & Crain, Ltd.
200 West Madison St., Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
lcrain@gbc.law
jgaudio@gbc.law
jjoseph@gbc.law
aburnham@gbc.law

*Counsel for Plaintiff Dyson Technology Limited*