UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
Eastern Division

Dyson Technology Limited

    Plaintiff,

v.

Case No.: 1:22−cv−05936

Honorable Steven C. Seeger

The Partnerships and Unincorporated Associations Identified on Schedule A, et al.

    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, March 10, 2026:

    MINUTE entry before the Honorable Steven C. Seeger: Status hearing held on March 4, 2026. For the reasons stated in court, Plaintiff's motion to modify the final judgment order (Dckt. No. [63]) is hereby granted in part. This Court is granting the motion in the sense that this Court will enter an amended judgment. But at this juncture, this Court is not adopting the judgment proposed by Plaintiff. As this Court explained at the hearing, the Seventh Circuit did not rule that Plaintiff is entitled to all of Defendants' revenue as a matter of right. Instead, the Seventh Circuit addressed the burden of proof when it comes to proving "profits." See 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). That is, the Seventh Circuit pointed out that a defendant has the burden of proof on the issue of costs. Importantly, the Seventh Circuit also recognized that district courts have discretion to adjust any request for profits, based on equity. That holding comes right from the text of the statute. Congress made clear that any award is "subject to the principles of equity." See 15 U.S.C. § 1117(a). In fact, Congress repeated the point, making clear that district courts have discretion to achieve a just result, based on the facts of the case. "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." Id. All of those words ("equity," ";inadequate," "excessive," "discretion," "just") point in the same direction. A plaintiff is not entitled to any particular award as of right. And a district court must decide whether a request is "just,"; as opposed to "inadequate" or "excessive," based on principles of "equity." Here, Plaintiff asks this Court to award profits, and asks this Court to award all of the money left sitting in Defendants' accounts with third parties. It is true that Defendants have the burden of proof to show their costs. But that doesn't mean that Plaintiffs automatically get everything if Defendants aren't here. This Court still needs to decide if that outcome is &quot;just." And the allocation of the burden of proof does not prevent this Court from gathering information. To that end, Plaintiff must file a brief that gives this Court more information. By April 1, 2026, Plaintiff must file a brief that addresses the following points: (1) What

is Dyson's profit margin on the products in question, meaning the hair stylers and hair driers? That is, what are Dyson's costs, and what are Dyson's profits? Information about Dyson's profit margin and costs may help this Court make an inference about Defendants' likely profit margin and costs. (2) Are Dyson's revenues the same as Dyson's profits for those products? (3) What is Dyson's best estimate of the amount of profits that Defendants received per item? (4) Does Dyson have any reason to believe that Defendants manufactured and sold the products without incurring any costs? (5) What is the profit margin for such products in the industry as a whole? Are revenues the same as costs in this industry? (6) How many units did each of the Defendants sell, and at what price? (7) Is it Dyson's position that the statute entitles a plaintiff to recover all of a defendant's revenue in a Lanham Act case if that defendant does not appear, and defaults? (8) Why is it "just" to conclude that a defendant's revenue is equal to its "profits"? Basically, this Court needs information so that it can award profits that are "just," as directed by Congress. To be clear, this Court is not shifting the burden of proof from Defendants to Plaintiff on the issue of Defendants' costs. The burden of proof remains with Defendants. But the responsibility to make a "just" decision rests on the shoulders of this Court. And to make that decision, this Court needs information, including information from Plaintiff. Gathering information does not mean that this Court is shifting the burden of proof back to Plaintiff. Answering questions is not the same thing as carrying a burden of proof. If Plaintiff elects not to seek profits as damages, and elects to receive statutory damages instead, then Plaintiff can say so in its submission. Separately, this Court expressed longstanding concerns about the issue of joinder. Plaintiff's counsel knows that this Court has those concerns. After all, in every other Schedule A case, this law firm drops every defendant except one in every case assigned to this Court. That is, in other cases, plaintiff's counsel might file a Schedule A case against 100 Defendants, and after the case is assigned to this Court (as opposed to other judges), Plaintiff's counsel drops 99 of the 100 Defendants. This Court has lingering concerns about whether joinder is appropriate in this case. Rule 21 expressly authorizes a district court to consider joinder at any time. "On motion or on its own, the court may at any time, on just terms, add or drop a party." See Fed. R. Civ. P. 21. So Plaintiff's counsel must file a separate brief on that issue, too. If Plaintiff's counsel has any factual basis to believe that these Defendants are working together, or are otherwise coordinating their counterfeiting somehow, then Plaintiff must provide that information to this Court. Finally, Plaintiff's counsel must file a status report on the issue of settlement by April 1, 2026. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.